IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CARL ERVIN BATTS, # 11763-056 | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. L-12-1090 |
| DEPARTMENT OF VETERANS AFFAIRS | * | |
| Defendant | * | |

\*\*\*

**MEMORANDUM**

Federal inmate Carl Ervin Batts ("Batts") has responded to the Court's Order instructing him to supplement his Complaint to state whether he has exhausted his administrative remedies and why this Court has jurisdiction over his case. For reasons to follow, the Court will dismiss this case for lack of jurisdiction.

In his Complaint, Batts alleges that the Department of Veterans Affairs ("VA") has wrongfully withheld his "governmental benefits" in violation of his civil rights and due process. ECF No. 1, part III. Batts' supplement, however, neither address whether he has exhausted his administrative remedies through the VA nor provides a basis upon which this Court may exercise jurisdiction over his case. To the extent Batts is seeking review of a VA decision, the law does not permit this Court to hear his claim. As explained to Batts by previous Court Order, the Veterans Judicial Review Act ("VJRA") provides a multi-tiered review of veterans' benefits claims. The VJRA provides that determinations of the regional offices of the VA may be appealed to the Board of Veterans' Appeals ("BVA"), whose decisions are then reviewable exclusively by the United States Court of Veterans Appeals, an Article I Court established by the VJRA. See 38 U.S.C. §§ 7104, 7251, 7252(a). Decisions of the Court of Veterans Appeals are

appealable to the United States Court of Appeals for the Federal Circuit.  See id. §§ 7292(a), (c). The judgment of the Federal Circuit Court of Appeals is then subject to review in the United States Supreme Court by writ of certiorari.  Id. at § 7292(c).

The review structure for disputes involving veterans' benefits excludes federal district courts.  See e.g. Larrabee v. Derwinski, 968 F.2d 1497, 1501 (2d Cir. 1992).  Specifically, Section 511(a) of Title 38 provides that, except for the review system just described, decisions by the Secretary of the VA on "all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans . . . shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise."  The VJRA "precludes [direct] judicial review in Article III courts of VA decisions affecting the provision of veterans' benefits," and "[t]he exclusive avenue for redress of veterans' benefits determinations is appeal to the Court of Veterans Appeals and from there to the United States Court of Appeals for the Federal Circuit."  Price v. United States, 228 F.3d 420, 421 (D.C. Cir. 2000).  When a veteran's "underlying . . . claim is an allegation that the VA unjustifiably denied him a veterans' benefit," "[t]he district court lack[s] jurisdiction." Id. [1]

Lastly, the Court has considered Batts' Motion for Appointment of Counsel and finds there are no extraordinary circumstances presented to warrant appointment in this case.  A separate Order follows.

April 27, 2012                                                          /s/
                                                      _____
                                                      Benson Everett Legg
                                                      United States District Judge

---

[1]  Batts may contact the VA directly to inquire about procedures to pursue his concerns.  This Court expresses no opinion on the merits of his claims.